

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD–1249–12

### KEVIN RAY HENSON, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

**MEYERS, J., filed a dissenting opinion.**

### DISSENTING OPINION

The majority holds that a defendant must raise a speedy-trial claim in the trial court in order to preserve the issue for appellate review. The majority seems to be applying the rules of preservation to a right that is owed to the defendant even though preservation analysis is for error. Failure to request a speedy trial is not an error, thus there is nothing to preserve. If the defendant had requested a speedy trial and the request had been improperly denied then we may be dealing with error preservation, but that did not occur

here.

We should not categorically say that a defendant cannot complain for the first time on appeal that he failed to get his constitutional right to a speedy trial. An appellant is certainly less likely to get relief if he waits until the point of appeal to raise the speedy-trial issue, but failure to raise the issue at trial does not in and of itself preclude an appellant from relief.[1] The right to a speedy trial is not in the category of complaints that must be preserved under Texas Rule of Appellate Procedure 33.1 by filing a request, objection, or motion in the trial court. Instead, it is waivable only and is not extinguished by inaction alone. There could be reasons that the defendant did not file a motion for a speedy trial and reasons that relief should be granted on appeal. Whether a defendant waived the right to a speedy trial must be analyzed on a case-by-case basis and waiver of the right should not be presumed unless the delay was caused by the defendant. Much like the right to a trial by jury, the record must affirmatively show that the right was consciously waived.

The record here does not reflect that the defendant waived his constitutional right to a speedy trial. The court of appeals erred in concluding that Appellant's failure to file a motion for speedy trial or motion to dismiss the indictment for lack of a speedy trial precluded him from appellate review. Because preservation analysis is for error, not for the category of constitutional rights that belong to the defendant unless affirmatively

---

[1] *See Barker v. Wingo*, 407 U.S. 514, 532 (1972) ("We emphasize that failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial.")

waived, I respectfully dissent to the majority's holding that a defendant must preserve his right to a speedy trial by raising the issue in the trial court.


Filed: September 11, 2013

Publish